UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-EASTERN DIVISION

| | |
|---|---|
| MICHAEL J. HRINDAK,<br><br>              Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN, Commissioner,<br>Social Security Administration,<br><br>              Defendant. | ) ED CV 13-2108-SH<br>)<br>) MEMORANDUM DECISION<br>) AND ORDER<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

      This matter is before the Court for review of the Decision by the Commissioner of Social Security denying Plaintiff's application for Disability Insurance Benefits and Supplemental Social Security Income. Pursuant to 28 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The Plaintiff and the Defendant have filed their pleadings (Complaint and Brief with Points and Authorities in Support of Plaintiff's

Complaint; Defendant's Brief in Opposition to Plaintiff's Brief in Support of Complaint); and the Defendant has filed the certified transcript of the record. After reviewing the matter, the Court concludes that the Decision of the Commissioner should be reversed and remanded for further proceedings.

## I. BACKGROUND

On June 29, 2009, Plaintiff Michael Hrindak filed an application for a period of disability or Disability Insurance Benefits and for Supplemental Security Income, alleging an inability to work since December 7, 2008 due to a degenerative disc disease, obesity, hypertension, history of shoulder strain, chest pain, diabetes mellitus, depression, and anxiety (See Administrative Record ["AR"] 443, 446). Plaintiff's claim was denied initially on March 2, 2010 and upon consideration on May 6, 2011 (AR 13-19, 443). Plaintiff requested a hearing before an administrative law judge ("ALJ") on April 5, 2010, which was held on March 6, 2011 (AR 13, 443). The Appeals Council denied Plaintiff's request for review on June 23, 2012 (AR 515-17).

Plaintiff filed an action for judicial review of the Commissioner's decision on August 24, 2012 (AR 519-23). This court reversed and remanded the decision of the Commissioner for further proceedings on March 21, 2013 (AR 529-38). On September 6, 2013, the ALJ issued an unfavorable decision after a hearing on August 26, 2013 (AR 440-54, 479). Plaintiff commenced this civil action seeking judicial review of his case.

## II. DISCUSSION

**A. The ALJ did not Properly Consider Plaintiff's Testimony or Make Proper Credibility Findings**

Plaintiff asserts that the ALJ failed to properly evaluate his credibility and assess his subjective complaints. However, Defendant argues that the ALJ accurately considered Plaintiff's credibility. Defendant asserts that since no

physician concluded that Plaintiff is disabled, the ALJ reasonably found that Plaintiff's complaints are not credible.

Where there is no finding of malingering, an ALJ must give "specific, clear, and convincing" reasons supported by substantial evidence in the record for finding a claimant not credible. *See* Taylor v Astrue, 659 F.2d 1228, 1234 (9th Cir. 2011). An implicit finding that claimant is not credible is insufficient. *See* Albalos v. Sullivan, 907 F.2d 871, 874 (9th Cir. 1990). Moreover, the ALJ cannot reject testimony "simply because there is no showing that the impairment can reasonably produce the degree" of alleged symptoms. Smolen v. Chater, 80 F.3d 1273, 1282 (9th Cir. 1996).

Here, the ALJ made no determination that plaintiff was malingering, but did not provide clear and convincing reasons for finding plaintiff not credible. The ALJ concluded that plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [plaintiff's] statements concerning intensity, persistence and limiting effects of these symptoms are not entirely credible" (AR 449).

Defendant asserts that the ALJ's determination of credibility properly relied on statements from the medical expert, consultative orthopedic surgeon, consultative psychologist, and consultative psychiatrist who opined that Plaintiff could work with some limitations. (AR 450-52, 275-76, 281-82). However, the ALJ ignored the treatment record including a series of treatment notes from Plaintiff's chiropractor, Timothy R. Noble, D.C.; surgery and post-surgery treatment notes from Kaiser Permanente; and medical records from St. Joseph Heritage Medical Group, which chronicled Plaintiff's treatment for lower back pain, depression, and general health (ARAR 450-52, 331-48, 349-97, 398-427).

In determining whether a claimant is credible, the ALJ may consider the nature of his or her daily activities. Smolen, 80 F.3d at 1284. The claimant's daily activities, if rigorous enough to be a fair proxy for the demands of work,

can constitute a basis to find allegations of disability, pain, or other subjective symptoms not credible. *See* <u>Fair v. Bowen</u>, 885 F.2d 597, 603 (9th Cir. 1989). However, "the mere fact that a plaintiff has carried on certain daily activities such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability." <u>Vertigan v. Halter</u>, 260 F.3d 1044, 1049-50 (9th Cir. 2001). Plaintiff's daily activities do not detract from his credibility unless he is "able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting". <u>Id.</u> The mere fact of ability to perform daily activities is not enough because Plaintiff need not be "utterly incapacitated" to be eligible for benefits. <u>Fair</u>, 885 F.2d at 603.

      The ALJ found Plaintiff's daily activities of driving, cooking, caring for his blind mother and his dog, and occasional grocery shopping to be inconsistent with his allegations of disabling pain. However, the ALJ failed to discuss how long Plaintiff could engage in these activities and whether they were transferable to a work setting. In his 2009 statements, Plaintiff described back pain that precluded him from sitting or standing for long, limited his driving to short distances, and required him to lay flat for relief (AR 129, 155). Plaintiff stated that he limited meal preparation to 30 minutes, shopping to 30 minutes weekly, doing laundry once a week, and driving and taking his dog to the vet only when necessary (AR 155-57). However, he also asserted that he needed to lay flat for the remainder of the day after running errands and to stretch his back on the inversion table (AR 154). Moreover, Plaintiff stated he could not sit for very long, could only bend a couple of times, and could not stand for more than 20 minutes, walk 15 minutes, and sit for half an hour due to back and leg pain (AR 159).

      In his August 2013 testimony, Plaintiff asserted that he was limited to standing for only 15 minutes at a time, sitting for 20 to 30 minutes at a time,

driving for 10 minutes and no more than 30 minutes at a time, cooking for 10 minutes, and grocery shopping for no more than 30 minutes before lying down for pain relief (AR 46869, 471-72). The ALJ did not take into account the specific limitations Plaintiff asserted in his daily activities, but vaguely summarized Plaintiff's activities and concluded that they were substantial (AR 449). Plaintiff's daily activities are not necessarily inconsistent with subjective symptoms of pain that could prevent him from functioning in a workplace.

     The ALJ also based his credibility finding on the determination that Plaintiff's treatment regimen was generally conservative, including the fact that his medication was limited to over-the-counter Tylenol, and he did not receive psychiatric treatment despite claiming to suffer mental breakdowns. However, the ALJ did not discuss the treatment record which indicated that Plaintiff was prescribed Paroxetine, an anti-depressant; Naproxen, an anti-inflammatory medication for pain; and methocarbamol, a muscle relaxant (AR 412).

     Plaintiff also testified that he was prescribed Vicodin and Norco, which did not completely alleviate his pain, but discontinued for fear of becoming addicted to pain killers (AR 40). Additionally, Plaintiff testified that doctors recommended that he use an inversion table, which he used daily to manage his back pain (AR 41). Also, Plaintiff's treatment record from St. Joseph Medical Group indicates he sought consistent and regular follow-up treatment for depression (AR 398-427).

     Moreover, the ALJ ignored Plaintiff's testimony that his doctors informed him that a fourth back surgery probably would not help his pain, that physical therapy worsened his back pain, that he required the use of a cane, and that he had tried to return to work. "Although a conservative course of treatment can undermine allegations of debilitating pain, such fact is not a proper basis for rejecting the claimant's credibility where the claimant has a good reason for not

seeking more aggressive treatment." <u>Carmickle v. Comm., SSA</u>, 533 F.3d 1155, 1162 (9th Cir. 2008).

The ALJ did not provide clear and convincing reasons for ignoring the treatment record or for finding that Plaintiff's daily activities were inconsistent with his disability allegations. The ALJ should have considered and discussed this evidence in making his credibility determination. The Court finds that the ALJ improperly evaluated the objective medical and opinion evidence to make the determination that Plaintiff was not credible.

### III. <u>CONCLUSION</u>

For the foregoing reasons, the Decision of the Commissioner is reversed and remanded for further proceedings.

DATED: <u>August 11, 2014</u>

_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE